IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02342-BNB

FRANKIE LYNNETT MCCONNELL,

    Plaintiff,

v.

DEBRA REILLY, and
ANDREA CIRBO, Supervisor,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 11 2011

GREGORY C. LANGHAM
                CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Frankie Lynnett McConnell, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the La Vista Correctional Facility in Pueblo, Colorado. She filed *pro se* a prisoner's motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 and two prisoner complaints pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. *See* ECF Nos. 2 and 3. On September 13, 2011, Magistrate Judge Boyd N. Boland ordered her to cure certain deficiencies.

The September 13 order noted that Ms. McConnell had submitted two similar but slightly different prisoner complaints against two different defendants; that the names in the captions to each complaint did not match the names in the section labeled "A. Parties" on page two of each complaint; and that Ms. McConnell needed to submit a single prisoner complaint in which she named all defendants and listed all claims. The September 13 order also directed Ms. McConnell to submit a certified copy of her trust fund account statement for the six-month period immediately preceding this filing.

On September 28, 2011, Ms. McConnell submitted a six-month certified copy of her trust fund account statement and two pages that appear to be an amendment to the two complaints she filed. Ms. McConnell was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

The Court must construe Ms. McConnell's filings liberally because she is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *Hall*, 935 F.2d at 1110. For the reasons stated below, Ms. McConnell will be directed to file an amended complaint.

Ms. McConnell must file a single complaint that lists all the defendants she intends to sue in the caption to the complaint and in the section labeled "A. Parties" on page two of the complaint. The defendants listed in both the caption and in the parties section must match. The single complaint must include all the claims Ms. McConnell intends to assert.

Ms. McConnell will be given one final opportunity to file an amended complaint that lists all the defendants she intends to sue in both the caption to the amended complaint and in the section labeled "A. Parties," and includes all the claims she intends to assert. The amended complaint that Ms. McConnell files must include all the pages of the Court-approved form for filing a prisoner complaint and comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court

to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

It is Ms. McConnell's responsibility to present her claims in a short, concise, and manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Ms. McConnell must provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states

facts upon which relief can be granted upon any legally sustainable basis." *Id.*

In the amended complaint she will be directed to file, Ms. McConnell also must assert personal participation by each named defendant. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Ms. McConnell must name and show how the named defendants caused a deprivation of his federal rights. **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983). The amended "complaint must explain what each defendant did to [her] . . . ; when the defendant did it; how the defendant's action harmed [her] . . . ; and, what specific legal right [she] believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). A supervisor is only liable for constitutional violations that he or she causes. **See Dodds v. Richardson**, 614 F.3d 1185, 1211 (10th Cir. 2010).

Ms. McConnell may use fictitious names, such as "John or Jane Doe," if she does not know the real names of the individuals who allegedly violated her rights. However, if Ms. McConnell uses fictitious names she must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's

sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the two complaints and amendment to the complaints that Ms. McConnell submitted do not meet the requirements of Fed. R. Civ. P. 8. Ms. McConnell will be directed to file a single amended complaint on the Court-approved complaint form that includes the names of all defendants in the caption and in the section labeled "A. Parties," provides a clear and concise statement of all the claims she intends to assert, alleges what constitutional rights were violated, and asserts specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that Plaintiff, Frankie Lynnett McConnell, file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that Ms. McConnell shall obtain the Court-approved Prisoner Complaint form (with the assistance of her case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that, if Ms. McConnell fails to file an amended complaint

as directed within the time allowed, the complaints, as amended, and the action will be dismissed without further notice.

DATED October 11, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

as directed within the time allowed, the complaints, as amended, and the action will be dismissed without further notice.

DATED October 11, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-02342-BNB

Frankie Lynnett McConnell
Prisoner No. 63672
La Vista Correctional Facility
PO Box 3
Pueblo, CO 81002

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on October 11, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk