IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02342-WJM-KLM

FRANKIE L. MCCONNELL,

    Plaintiff,

v.

ANDREA CIRBO, Supervisor,
DEBRA REILLY, and
K. O'BRIEN (actually named as KO'Brien),

    Defendants.

_____

**ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court pursuant to the Order to Show Cause [Docket No. 20] issued December 15, 2011. In the Order to Show Cause, the Court directed Plaintiff to show cause, in a writing filed with the Court, as to why his claims against Defendant K. O'Brien should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m) & 41(b). [#20] at 2. Plaintiff was directed to: (1) file proof of service on Defendant K. O'Brien, (2) respond in writing with an explanation of good cause for his failure to properly serve Defendant K. O'Brien, or (3) provide a current address for Defendant K. O'Brien so as to allow the United States Marshal to effect service. *Id.* Plaintiff's deadline for compliance with the Order to Show Cause was January 16, 2012. To date, Plaintiff has neither filed a response nor requested an extension of time in which to do so.

Plaintiff filed this civil action on September 6, 2011 [#1]. The Amended Complaint [#9] was filed on November 15, 2011. On November 22, 2011, the United States Marshal was directed to serve a copy of the Summons and Amended Complaint on all Defendants in the above-captioned matter [#14]. On December 5, 2011, the Summons was returned unexecuted for Defendant K. O'Brien with a notation that he no longer worked for the Denver County Jail, that he was no longer in the State of Colorado, and that no further information was obtained as to his whereabouts [#18]. No forwarding address was provided. While Fed. R. Civ. P. 4(c) requires that the Court effect service of the Summons and Amended Complaint for plaintiffs proceeding *in forma pauperis*, Plaintiff must provide sufficient information for the Court to do so. *See Hill v. Ortiz*, No. 07-cv-00571-LTB-CBS, 2008 WL 2020289, at *6 (D. Colo. May 9, 2008) (unpublished decision). Plaintiff has not provided any other information that the Court can use to effect service on Defendant K. O'Brien, and, as stated, he did not respond to the Court's Order to Show Cause. At this stage, it is clear that Plaintiff cannot provide the necessary information to effect service on Defendant K. O'Brien.

Plaintiff was warned in advance that the penalty for the inability to serve or for failing to provide good cause for the service delay would be dismissal of the case against the unserved Defendant. [#20] at 2. Accordingly,

IT IS HEREBY **ORDERED** that the Order to Show Cause [#20] is made **ABSOLUTE**.

The Court respectfully **RECOMMENDS** that Defendant K. O'Brien be **DISMISSED WITHOUT PREJUDICE** as a party from this action, pursuant to Fed. R. Civ. P. 4(m).

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: January 25, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge