IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02342-WJM-KLM

FRANKIE L. MCCONNELL,

    Plaintiff,

v.

ANDREA CIRBO, Supervisor,
DEBRA REILLY, and
K. O'BRIEN (actually named as KO'Brien),

    Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's untitled **Motion to Clarify** [Docket No. 26; Filed February 6, 2012] (the "Motion"). Plaintiff makes three requests in the Motion: (1) an appointment of an attorney; (2) a clarification of the term "de novo;" and (3) an extension of time in which to submit objections to the Order and Recommendation of United States Magistrate Judge [#22]. For the reasons set forth below, the Motion is **GRANTED in part and DENIED in part**.

The Court does not have the power to appoint an attorney without his or her consent, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant in a civil case. Nevertheless, the Court can seek volunteer counsel to represent a plaintiff if the Court determines in its discretion that is appropriate to do so. The Clerk of

the Court maintains a list of *pro se* cases for which the Court is seeking volunteer counsel. Placement on this list does not mean that a plaintiff will automatically receive counsel. Rather, placement on the list results in representation being secured for the plaintiff only if an attorney <u>volunteers</u> to represent him.  Because of the number of cases on the list and the shortage of volunteer attorneys, placement on the list frequently does not result in counsel being obtained.  In such circumstances, despite placement of his case on the list, a *pro se* plaintiff remains responsible for litigating his case himself.

The Court will only seek volunteer counsel for a *pro se* plaintiff if a consideration of the following factors so warrants:  (1) the merits of the plaintiff's claims; (2) the nature of the factual issues raised in the claims; (3) the plaintiff's ability to present his claims himself; and (4) the complexity of the legal issues raised.  *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991)).  A further consideration is whether there exist any special circumstances such as those in *McCarthy v. Weinberg*, 753 F.2d 836, 837 (10th Cir. 1985), where the *pro se* plaintiff was confined to a wheelchair, had poor eyesight, suffered from a speech impediment and memory lapses, and had general difficulty in communications.  *See Rucks*, 57 F.3d at 979.

The legal issues presented in this matter are not overly complex, novel, or particularly difficult to state or analyze.  *See Am. Compl.* [#9].  The fact that Plaintiff's financial situation and incarcerated status has made it difficult for him to obtain representation does not, by itself, warrant the need for volunteer counsel. Although mindful of the difficulties faced by *pro se* parties, courts and legislating bodies have made a distinction between civil and criminal cases regarding the necessity of counsel.  *See, e.g.*, *Mallard*, 490 U.S. at 301 (1989) ("Congress did not intend § 1915[(e] to license compulsory

appointments of counsel . . . ."); *Custard v. Turner*, No. 06-cv-01036-WYD-CBS, 2008 WL 4838564, at *1 (D. Colo. Nov. 6, 2008) (unpublished decision) (noting that the court is without statutory authority to commit federal funds to "require counsel to represent" an indigent civil litigant).  Although there are extraordinary circumstances where fundamental due process concerns may demand that a plaintiff be provided with counsel, this Plaintiff's particular circumstances do not.  Plaintiff chose to bring this civil action voluntarily knowing the limitations he would face due to his financial means, lack of legal training, and incarcerated status.  To the extent that Plaintiff feels that he cannot bear the responsibility at this time, he may voluntarily dismiss his case without prejudice pursuant to Fed. R. Civ. P. 41(a).  However, while the case is pending, it remains Plaintiff's legal obligation to comply with the Federal Rules of Civil Procedure, the Local Rules in this District, and all orders of this Court.  *See Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992).

Accordingly, based on the foregoing and the entire record in this case,

IT IS HEREBY **ORDERED** that Plaintiff's request for appointment of counsel is **DENIED**.

IT IS FURTHER **ORDERED** that Plaintiff's request for clarification is **GRANTED**. As a **one-time courtesy** to Plaintiff, the Court will provide the definition of "de novo review" as found in Black's Law Dictionary (9th ed. 2009): "An appeal in which the appellate court uses the trial court's record but reviews the evidence and law without deference to the trial court's rulings."

IT IS FURTHER **ORDERED** that Plaintiff's request for an extension of time is **GRANTED**.  Plaintiff may file objections, if any, to the Order and Recommendation of

United States Magistrate Judge [#22] no later than **February 21, 2012**.

      Dated: February 7, 2012