**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-02342-WJM-KLM

FRANKIE L. MCCONNELL,

      Plaintiff,

v.

ANDREA CIRBO, and
DEBRA REILLY,

      Defendants.

---

**ORDER ADOPTING THE RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the April 24, 2012 Recommendation by U.S.

Magistrate Judge Kristen L. Mix (ECF No. 35) (the "Recommendation") that Defendants'

Motion to Dismiss (ECF No. 24) be granted in part and denied in part.  The

Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B);

Fed. R. Civ. P. 72(b).

## I.  BACKGROUND

The facts relevant to a resolution of the Motion to Dismiss are detailed in the

Recommendation.  Briefly, Plaintiff, proceeding *pro se*, is a state prisoner incarcerated

at the Colorado Department of Corrections ("CDOC") La Vista Correctional Facility.

(Am. Compl. (ECF No. 9.))  Defendants Andra Cirbo and Debra Reilly are employees of

the CDOC.  (*Id.*)  This lawsuit arises from Plaintiff's claims that she fell while working in

the prison kitchen facility, and that she received inadequate medical treatment following

the accident.  (*Id*. at 3.)

Plaintiff's operative Complaint for purposes of resolving the Motions to Dismiss was filed on November, 15 2011.  (*Id*.)  As explained more fully in the Recommendation, the Court interprets Plaintiff's operative Complaint to allege violations of the Eighth Amendment's prohibition against cruel and unusual punishment, brought under 42 U.S.C. § 1983.  (*Id*.)  Plaintiff alleges four separate claims – (1) Claim One – Plaintiff asserts that non-party Correctional Officer ("C/O") Trujillo accompanied Plaintiff to Denver General Hospital ("DGH") after her fall, and that he refused Plaintiff's requests to call a nurse to bring a bedpan during the seven and a half hours that Plaintiff remained strapped to a hospital backboard[1] (*id*. at 4); (2) Claim Two – Plaintiff alleges that Defendant Reilly, Plaintiff's medical provider, failed to respond to several "kites," or requests for follow-up treatment, and refused to enter Plaintiff's medical condition into CDOC's computer records (*id*. at 5); (3) Claim Three – Plaintiff asserts that Defendant Cirbo ordered her to work in the "dishroom" where her fall had occurred despite her fear of returning to work in that area (*id*. at 6); and (4) Claim Four – Plaintiff contends that her doctor at DGH, "K. O'Brien," failed to provide an adequate course of treatment.[2]  (*Id*.)  In her request for relief, Plaintiff seeks compensatory damages in the amount of $5,000,000 for "mental anguish and pain suffering [sic]" and $2,000,000 for "failure to act negligence [sic]," along with payment for "all rehabilitate's [sic] cost" and any future medical treatment that may be required.  (*Id*. at 8.)

---

[1]     C/O Trujillo is not named as a defendant in this case.  (ECF No. 9 at 1.)

[2]     Defendant K. O'Brien was previously dismissed from this case pursuant to Fed. R. Civ. P. 4(m) based on Plaintiff's failure to timely effect service.  (ECF No. 22.)

On January 26, 2011, Defendants filed their Motion to Dismiss requesting that the Court dismiss all claims pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of jurisdiction over the subject matter, failure to state a claim upon which relief can be granted, and qualified immunity.  (ECF No. 24.)  On February 21, 2012, Plaintiff filed her Response to Defendants' Motion (ECF No. 29), and Defendants filed their Reply to Plaintiff's Response on March 5, 2012 (ECF No. 30).

On April 24, 2012, the Magistrate Judge issued her Recommendation that Defendants' Motion to Dismiss be granted in part and denied in part.  (ECF No. 35.) Specifically, the Magistrate Judge recommends that: (1) Plaintiff's first and third claims be dismissed with prejudice, and that Defendant Cirbo be dismissed from this action; and (2) Plaintiff's second claim against Defendant Reilly in her individual capacity be permitted to proceed.  (*Id.*)  On May 7, 2012, Plaintiff filed a timely Objection to the Recommendation.  (ECF No. 37.)

 For the reasons stated below, Plaintiff's objections to the Recommendation are overruled, the Magistrate Judge's Recommendation is adopted in its entirety, and Defendants' Motion to Dismiss is granted in part and denied in part.

## II.  LEGAL STANDARDS

When a Magistrate Judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the District Court Judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further

evidence; or return the matter to the magistrate judge with instructions." *Id.*

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case. Rather, it calls for a determination that the court lacks authority to adjudicate the matter, attacking the existence of jurisdiction rather than the allegations of the complaint. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Id.*

A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). When considering a Rule 12(b)(1) motion, however, the court may consider matters outside the pleadings without transforming the motion into one for summary judgment. *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Where a party challenges the facts upon which subject matter jurisdiction depends, a district court may not presume the truthfulness of the complaint's "factual allegations . . . [and] has wide discretion to allow affidavits, other documents, and [may even hold] a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Id.*

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). To survive a Rule 12(b)(6) motion, "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).

The concept of "plausibility" at the dismissal stage refers not to whether the allegations are likely to be true; the court must assume them to be true. *See Christy Sports, LLC v. Deer Valley Resort Co., Ltd.*, 555 F.3d 1188, 1192-93 (10th Cir. 2009). The question is whether, if the allegations are true, it is plausible and not merely possible that the plaintiff is entitled to relief under the relevant law. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

Further, in considering the Magistrate Judge's Recommendations in the instant case, the Court is also mindful of Plaintiff's *pro se* status, and accordingly, reads her pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in Plaintiff's use of legal terminology and proper English. *See*

5

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  *Pro se* status does not relieve Plaintiff of the duty to comply with various rules and procedures governing litigants and counsel or the requirements of the substantive law and, in these regards, the Court will treat Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

### III.  ANALYSIS

The Magistrate Judge's Recommendation contains numerous findings and conclusions.  (ECF No. 25 at 23.)  Plaintiff objects to the recommendations that Plaintiff's first and third claims for relief be dismissed with prejudice, and that Defendant Cirbo be dismissed from this action.  (ECF No. 37 at 1-3.)  The Court will review *de novo* each portion to which a specific objection was made.  Otherwise, the Court will review the Recommendation for clear error.  Fed. R. Civ. P. 72(b)(3).

### 1.    Plaintiff's Objections

Plaintiff objects to the Magistrate Judge's recommendations that Plaintiff's first and third claims be dismissed with prejudice, and that Defendant Cirbo be dismissed from this action.  (ECF No. 37 at 1-3.)  Plaintiff's objections closely mirror arguments she made in her briefs.  (*Id.*)  The Court has thoroughly reviewed the Recommendation and agrees with the Magistrate Judge regarding these claims.

### A.  First Claim

Plaintiff's first claim, brought against both Defendants under 42 U.S.C. § 1983, alleges that non-parties refused Plaintiff's requests to call a nurse to bring a bedpan

during the seven and a half hours that Plaintiff remained strapped to a hospital backboard.  (ECF No. 9 at 4.)  "Personal participation is an essential allegation in a Section 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). Therefore, "individual liability under [42 U.S.C.] § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) (citing *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996)).

The Court agrees with the Magistrate Judge that Plaintiff makes no allegations related to the conduct of either Defendant Reilly or Defendant Cirbo under her first claim, and has therefore failed to allege facts sufficient to link any alleged constitutional violation in her first claim and either of the Defendants.  (ECF No. 35 at 7-8.) Accordingly, Plaintiff's first claim is dismissed with prejudice against Defendants Cirbo and Reilly.

### B.  Third Claim

In her third claim for relief, Plaintiff alleges that Defendant Cirbo ordered Plaintiff to work in the dish room where her fall had occurred despite Plaintiff's fear of returning to that room, and that such conduct constituted "deliberate indifference or reckless disregard for [Plaintiff's] safety."  (ECF No. 9 at 6; ECF No. 29 at 5.)  The Court construes Plaintiff's third claim to allege a claim for failure to protect in violation of the Eighth Amendment.

To succeed on an Eighth Amendment claim for failure to protect, a plaintiff must demonstrate that objectively, she is incarcerated under conditions that pose a

substantial risk of serious harm, and that subjectively, prison officials were deliberately indifferent to her safety.  *See, e.g., Smith v. Cummings*, 445 F.3d 1254, 1258 (10th Cir. 2006).  "Mere negligence does not constitute deliberate indifference; deliberate indifference is equivalent to recklessness in this context."  *Id*. (quoting *Verdicia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003)).  Thus, "the official must 'both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'"  *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996).  However, "plaintiff's allegations must furnish more than a conclusory claim of being afraid."  *Id*. (affirming dismissal of plaintiffs' failure to protect claim based on allegations that plaintiffs were constantly in fear of attacks by other inmates who might have discovered their sex offender status); *see also Lesley v. Whetzel*, 110 F. App'x 851, 853 (10th Cir. 2004) (affirming dismissal of plaintiff's failure to protect claim based on a fear of incarceration in the same cell unit as an inmate who had previously attacked him).

The Court agrees with the Magistrate Judge that Plaintiff has not alleged sufficient facts to demonstrate that she was exposed to a substantial risk of serious bodily harm as a result of Defendant Cirbo's orders.  (ECF No. 35 at 16-17.)  As the Magistrate Judge stated, beyond Plaintiff's general contention of fear, Plaintiff has not alleged any facts to demonstrate that a risk of serious harm awaited her in the dish room.  Therefore, Plaintiff's third claim against Defendant Cirbo is dismissed with prejudice.

### C.  Official Capacity Claims

To the extent that Plaintiff brings her claims against Defendants in their official

capacities, Defendants also assert that they are entitled to Eleventh Amendment

immunity.[3]  (ECF No. 24 at 4.)

The doctrine of Eleventh Amendment sovereign immunity bars "a citizen from

suing his own State under the federal-question head of [subject-matter] jurisdiction."

*Alden v. Maine*, 527 U.S. 706, 727 (1999) (citing *Hans v. Louisiana*, 134 U.S. 1, 14-15

(1890)).  Plaintiff's claims against Defendants in their official capacities constitutes a

suit against their employer, the CDOC.  *See Blake v. Webster*, No. 10-cv-0162, 2011

WL 7485055, at *3 (D. Colo. Dec. 13, 2011) (citing *Hafer v. Melo*, 502 U.S. 21, 25

(1991)) (suit against a state official in his or her official capacity is treated as a suit

against the state).  The CDOC is an agency immune from suit under the doctrine of

Eleventh Amendment immunity.  *See Wood v. Milyard*, 414 F. App'x 103, 105 (10th Cir.

2011).  Thus, to the extent that Plaintiff requests monetary damages from Defendants

in their official capacities, her claims are barred.  *See Henderson v. Jones*, 378 F. App'x

808, 809-10 (10th Cir. 2010) ("[T]o the extent that [plaintiff] has raised claims for

monetary damages against the defendants in their official capacities, such claims are

barred by the Eleventh Amendment.").

In accordance with the foregoing, Plaintiff's claims against Defendants in their

official capacities seeking monetary damages are dismissed without prejudice for lack

---

[3]      While Plaintiff's Objection does not specifically differentiate between official and individual capacity claims, the Court liberally construes Plaintiff's Objection as objecting to the Magistrate Judge's recommendation regarding Plaintiff's official capacity claims.  (ECF No. 37 at 1-3.)

of subject matter jurisdiction due to Eleventh Amendment immunity. *See Garman v. Campbell Cnty. Sch. Dist. No. 1*, 630 F.3d 977, 985 (10th Cir. 2010) ("Generally, a dismissal for lack of subject matter jurisdiction is without prejudice and does not have a preclusive effect.").

### 2.    Findings Without Objection

Neither party has objected to the following recommendations of the Magistrate Judge: (1) that Plaintiff's second claim for relief against Defendant Reilly in her individual capacity be permitted to proceed; (2) that Defendant Reilly is not entitled to qualified immunity at this stage of the proceeding; and (3) that Defendants' Motion to Dismiss be denied with respect to Plaintiff's requested monetary damages related to her second claim for relief against Defendant Reilly. (ECF No. 35 at 11-15, 17-19.)

The Court has reviewed these rulings of the Magistrate Judge and finds no clear error in these determinations. *See* Fed. R. Civ. P. 72(b) advisory committee's note; *Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings"). Accordingly, the Recommendation is adopted with respect to these claims.

### IV. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    Plaintiff's Objections (ECF No. 37) to the Magistrate Judge's April 24, 2012 Recommendation (ECF No. 35) are OVERRULED and the Recommendation is

ADOPTED in its entirety;

2.      Defendants' Motion to Dismiss (ECF No. 24) is GRANTED IN PART and

DENIED IN PART;

3.      Defendants' Motion to Dismiss Plaintiff's first and third claims is GRANTED, and

these claims are DISMISSED WITH PREJUDICE;

4.      Defendants' Motion to Dismiss Plaintiff's second claim against Defendant Reilly

in her individual capacity is DENIED;

5.      Plaintiff's claims against Defendants in their official capacities seeking monetary

damages are DISMISSED WITHOUT PREJUDICE; and

6.      Defendant Andra Cirbo is DISMISSED as a party-Defendant in this action.

Dated this 20th day of August, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge