IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02342-WJM-KLM

FRANKIE L. MCCONNELL,

    Plaintiff,

v.

DEBRA REILLY,

    Defendant.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion for Summary Judgment**
[Docket No. 42; Filed December 28, 2012] (the "Motion").  Plaintiff failed to file a Response
in opposition to the Motion, despite multiple opportunities to do so.  *See Minute Order*
[#46].  The Motion is thus ripe for review.  Pursuant to 28 U.S.C. § 636(b)(1) and
D.C.COLO.LCivR 72.1C.3, the Motion is referred to this Court for recommendation [#44].
Having reviewed the entire case file and being sufficiently advised, the Court
**RECOMMENDS** that the Motion [#42] be **GRANTED**.

### I.  Summary of the Case

Plaintiff, who proceeds *pro se* in this matter, was formerly a state prisoner
incarcerated at the Colorado Department of Corrections ("CDOC") La Vista Correctional
Facility.  Plaintiff's claims arise from a fall that she allegedly suffered while working in the

prison kitchen facility and subsequent alleged lack of medical treatment. *Compl.* [#9] at 3. Plaintiff states that "[w]ith the combination of unadequate [sic] treatment of my back, and head injuries sustained while engaged in prison work constitution [sic] cruel and unusual punishment which violent [sic] Eighth Amendment." *Id.* at 4.   In her only remaining claim against the only remaining Defendant, Plaintiff alleges that Defendant, Plaintiff's medical provider, failed to respond to several "kites," or requests for follow-up treatment, and refused to enter Plaintiff's medical condition into CDOC's computer records. *Id.* at 5.   In her request for relief, Plaintiff seeks compensatory damages in the amount of $5,000,000 for "mental anguish and pain suffering [sic]" and $2,000,000 for "failure to act negligence [sic]," along with payment for "all rehabilitate's [sic] cost" and any future medical treatment that may be required. *Id.* at 8.

As an initial matter before detailing the presentation of facts behind the Motion, the Court notes that Plaintiff has presented no evidence in support of her claim.   Often, a complaint submitted by a *pro se* litigant may be treated as an affidavit and used as evidence on summary judgment if the complaint is sworn, dated, and signed under penalty of perjury pursuant to 28 U.S.C. § 1746. *See, e.g.*, *Chytka v. Wright Tree Serv., Inc.*, No. 11-cv-00968-REB-KLM, 2012 WL 7151207, at *1 n.3 (D. Colo. Nov. 13, 2012).   Here, however, although Plaintiff signed her Amended Complaint [#9], she did not date it as required by 28 U.S.C. § 1746.   The Court is not obligated to treat an incomplete "declaration" as an affidavit for purposes of establishing factual disputes in opposition to a summary judgment motion. *Hayes v. Marriott*, 70 F.3d 1144, 1148 (10th Cir. 1995)

("Unsworn affidavits do not raise factual issues precluding summary judgment." (citation omitted)); *see also Henderson v. Inter-Chem Coal Co.*, 41 F.3d 567, 569 n.1 (10th Cir. 1994) (noting that unsworn affidavits may be used in summary judgment proceedings, but only if they comply with the requirements of 28 U.S.C. § 1746 and are signed under penalty of perjury). The Court therefore finds that the "declaration" is not an affidavit for the purposes of resolving the summary judgment motion. *See Sofford v. Schindler Elevator Corp.*, 954 F. Supp. 1459, 1462 (D. Colo. 1997) (holding that unsworn witness statement was not competent evidence for consideration in ruling on summary judgment motion); 10B Charles Alan Wright et al., *Federal Practice and Procedure* § 2738, at 362-65, 372-74 (1998) (recognizing that affidavits which do not meet the requirements of Fed. R. Civ. P. 56(e) should not be given any probative force and are subject to being stricken). Accordingly, the Court does not consider Plaintiff's defective "affidavit" herein.

Defendant is a Physician's Assistant at Denver Women's Correctional Facility. *Ex. B, Aff. of Reilly* [#43-2] ¶ 2. On September 5, 2009, Plaintiff fell and sustained a concussion requiring hospitalization at Denver Health Medical Clinic. *Id.* ¶ 10. Defendant was assigned to Plaintiff as her medical provider after that fall. *Id.* ¶ 3. Plaintiff was treated and no restrictions were placed on her when she was discharged. *Id.* Over the following year, Plaintiff submitted a number of "kites," *i.e.*, forms titled "Request for Sick Call Form." *Id.* ¶¶ 11-26. In these kites, Plaintiff sought additional treatment and asked that Defendant add certain medical codes requiring restriction of activities to Plaintiff's CDOC computer records. *Id.* Throughout that period, some temporary restrictions were placed on Plaintiff,

such as a 60-day housing restriction for a low-tier bunk and no operation of heavy machinery. *Id.* ¶¶ 15-18. Defendant avers that she never disregarded Plaintiff's restrictions or failed to enter a warranted restriction on Plaintiff's electronic chart; rather, Defendant asserts that Plaintiff's medical condition did not require all of the work restrictions Plaintiff sought in the kites. *Id.* ¶ 46.

Defendant seeks entry of summary judgment in her favor on Plaintiff's Eighth Amendment deliberate indifference claim. *See* [#42, #43]. First, Defendant asserts that Plaintiff failed to exhaust her administrative remedies. [#43] at 9-10. Second, Defendant argues that Plaintiff cannot establish an Eighth Amendment violation. *Id.* at 10-12. Third, Defendant asserts that she is entitled to qualified immunity. *Id.* at 13-15. Finally, Defendant argues that Plaintiff fails to allege a physical injury associated with her claims against Defendant. *Id.* at 15-16.

## II.  Standard of Review

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Under Fed. R. Civ. P. 56(c), summary judgment shall be granted if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the case under the governing substantive

law. *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact. *Adler v. Wal–Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323).   When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671.  If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his claim such that a reasonable jury could find in his favor.  *See Anderson*, 477 U.S. at 248; *Simms v. Okla. ex rel. Dep't. of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999).  The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to him. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l., Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).   The nonmoving party's evidence must be more than "mere reargument of [the] case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright, et al., Federal Practice and Procedure § 2738 at 356 (3d ed.1998).

When considering Plaintiff's filings, the Court is mindful that it must construe the filings of a pro se litigant liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be a *pro se* litigant's advocate, nor should the Court "supply additional factual allegations to round out [a *pro se* litigant's] complaint or construct a legal theory on [her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, Plaintiff, as a *pro se* litigant, must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

As an additional preliminary matter, the Court "must accord substantial deference to the professional judgment of prison administrators, who bear a significant responsibility for defining the legitimate goals of a corrections system and for determining the most appropriate means to accomplish them." *Overton v. Bazzetta*, 539 U.S. 126, 132 (2003). To this end, the Court notes the well-established law that prison management functions should be left to the broad discretion of prison administrators to enable them to manage prisons safely and effectively. *See, e.g.*, *Meachum v. Fano*, 427 U.S. 215 (1976). Accordingly, courts should interfere with the management of prisons only under exceptional and compelling circumstances. *Taylor v. Freeman*, 34 F.3d at 266, 268-70 (4th Cir. 1994). Indeed, the Tenth Circuit has stated that it "abhor[s] any situation or circumstance requiring the intervention of the federal courts in matters involving the administration, control and maintenance by the sovereign states of their penal systems. It is a delicate role assigned to the federal courts to display that restraint so necessary 'in the maintenance of proper

-6-

federal-state relations.'" *Battle v. Anderson*, 564 F.2d 388, 392 (10th Cir. 1977) (citation omitted). As such, "sweeping intervention in the management of state prisons is rarely appropriate when exercising the equitable powers of the federal courts." *Taylor*, 34 F.3d at 269 (citations omitted).

### III. Analysis

The Court first considers Defendant's argument concerning exhaustion of administrative remedies. *See Norton v. The City of Marietta, OK*, 432 F.3d 1145, 1149-50 (10th Cir. 2005) (stating that exhaustion is mandatory and that the issue of administrative exhaustion under the Prison Litigation Reform Act ("PLRA") must be considered before examining the merits of the plaintiff's claims).

The PLRA requires that a claim regarding prison conditions must first be exhausted before a prisoner may challenge those conditions by filing suit. *Porter v. Nussle*, 534 U.S. 516, 520 (2002) ("1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences."). Specifically, the exhaustion provision states:

> No action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Woodford v. Ngo*, 548 U.S. 81, 84 (2006) ("Exhaustion is no longer left to the discretion of

the district court, but is mandatory."). However, the burden is not on the plaintiff to sufficiently plead exhaustion or attach exhibits to the complaint proving exhaustion. *Jones*, 549 U.S. at 215. Rather, the burden is on the defendant to assert the failure to exhaust in a dispositive motion. Here, Defendant's failure to exhaust defense is analyzed pursuant to Fed. R. Civ. P. 56. As such, if the evidence presented does not create a genuine issue of material fact as to whether Plaintiff's claim against Defendant was properly exhausted, the Amended Complaint [#9] must be dismissed without prejudice. *Arocho v. Lappin*, No. 07-cv-02603-REB-KLM, 2011 WL 2292187, at *8 (D. Colo. Apr. 21, 2011) (citing *Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) (noting that dismissal of unexhausted claims on summary judgment should be without prejudice)); *cf. Kikumura v. Osagie*, 461 F.3d 1269, 1290 (10th Cir. 2006) (recognizing that dismissal of untimely grievance should be with prejudice), overruled in part on other grounds as recognized in *Robbins v. Oklahoma*, 519 F.3d 1242, 1246-47 (10th Cir. 2008)).

The prison facility is tasked with the responsibility of establishing grievance procedures. *Jones*, 549 U.S. at 218 ("[I]t is the prison's requirements, not the PLRA, that define the boundaries of proper exhaustion."). Defendant argues that Plaintiff failed to exhaust her administrative remedies because she failed to file Step 1, Step 2, and Step 3 grievances for her claim against Defendant, as required by prison regulations concerning CDOC's grievance procedures. *See* Ex. D, *Aff. of Decesaro* [#43-4] ¶¶ 4-12.

Defendant presented evidence that Plaintiff filed two grievances but that neither one pertains to Plaintiff's allegations against Defendant. *Id.* ¶¶ 13-17. The first grievance

describes Plaintiff's complaints after her fall on September 5, 2009, *i.e.*, that her fall was caused by her over-sized boots and that she was subsequently ignored by infirmary and hospital staff. *Id.* ¶ 15. In the second grievance, Plaintiff complains that she was ordered to work in the dish room after her fall even though she was afraid of working there and injuring herself again. *Id.* ¶ 16.

Neither of those grievances names Defendant. *Id.* ¶ 17. Neither one addresses Plaintiff's complaints against Defendant, *i.e.*, that Defendant (or anyone else) failed to enter work restrictions on Plaintiff's electronic medical chart or that Defendant ignored kites submitted by Plaintiff regarding medical treatment. *Id.* Further, there is no evidence that Plaintiff submitted a third grievance pertaining to any related topic; thus, even if the first two grievances could somehow be construed to relate to Plaintiff's claim against Defendant, there is no question that the third step of the grievance process was never completed. *Id.* ¶ 14. The Court therefore finds that there is no evidence that Plaintiff satisfied the grievance process as to her claim regarding Defendant. Because exhaustion is mandatory and unexhausted claims may not be brought in court, *Jones*, 549 U.S. at 211, and because Plaintiff has failed to present evidence creating a genuine issue of material fact as to whether this claim against Defendant was properly exhausted, her Eighth Amendment claim must be dismissed without prejudice. *See Arocho*, 2011 WL 2292187, at *8 (citing *Fields*, 511 F.3d at 1113 (noting that dismissal of unexhausted claims on summary judgment should be without prejudice)).

Accordingly, the Court **recommends** that Plaintiff's Eighth Amendment claim against

Defendant be **dismissed without prejudice**.

### IV.  Conclusion

For the foregoing reasons, the Court respectfully **RECOMMENDS** that the Motion [#42] be **GRANTED**.

IT IS HEREBY **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.  A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  February 26, 2013

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

-10-